UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:20-cv-81032-DMM

LEE MITCHELL JOHNSON,

       Plaintiff,

vs

CORRECTIONS DEPUTY J. LINDOR,

       Defendant.
_____/

**DEFENDANT LINDOR'S ANSWER/DEFENSES**

The Defendant LINDOR, by and through his undersigned attorneys, files this his Answer/Defenses to the Complaint [DE 1] in this action as follows:

**I. The Parties to This Complaint**

    **A. The Plaintiff(s)-** Without knowledge as to Plaintiff's current place of incarceration.

    **B. The Defendant(s)** - Admitted only that J. Lindor, who is a corrections deputy working at the Palm Beach County Jail is named in this action as a Defendant. All other allegations are denied.

    **II. Basis for Jurisdiction** - Admitted for jurisdictional purposes only. All other allegations are denied and strict proof thereof is demanded.

    **III. Prisoner Status** - Without knowledge and therefore denied.

    **IV. Statement of Claim** - All allegations contained herein are denied and strict proof thereof is demanded.

**V. Injuries** - Admitted only that Plaintiff has sustained no injuries.

**VI. Relief** - Denied as to Plaintiff's entitlement to damages in this case.

**VII. Exhaustion of Administrative Remedies Administrative Procedures** -

    A.    Denied.

    B.    Admitted.

    C.    Denied as phrased and strict proof thereof is demanded.

    D.    Denied as phrased and strict proof thereof is demanded.

    E.    Denied as phrased and strict proof thereof is demanded.

    F.    No response needed.

    G.    Denied and strict proof thereof is demanded.

**VIII. Previous Lawsuits -** Without knowledge and therefore denied.

**IX. Certification and Closing** - No response needed.

## General Denial

Any and all allegations to which a specific response has not previously been provided is herein denied and strict proof thereof is demanded.

## DEFENSES

1. As a first Defense, the Defendant pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure would assert that Plaintiff has failed to make sufficient allegation of ultimate fact from which it can be determined that a claim for relief has been stated.

2. As a further and separate Defense, the Defendant would assert that any and all injuries or damages allegedly suffered by Plaintiff were caused by reason of Plaintiff's negligence and/or wrongful acts and/or misconduct.

3. As a further and separate Defense, the Defendant would assert that any and all injuries or damages allegedly suffered by Plaintiff were caused in whole or in part by reason of the wrongful acts of others over which these Defendant have no control or responsibility for control.

4. As a further and separate Defense, the Defendant would assert that he is immune from any and all liability through application of the concept of qualified immunity, as he, at no time, committed any act in derogation of Plaintiff's civil rights of which a reasonable corrections officer would have had knowledge and, at all times, otherwise acted in good faith relying upon existing statutes, policies and procedures as authority for hid actions.

5. As a further and separate Defense, the Defendant would assert that any and all actions he took were taken:

   a. without malice;

   b. with probable cause;

   c. in pursuit of lawful and legal duties.

6. As a further and separate Defense, the Defendant, to the extent he is named in his official capacity, would assert that there existed no custom, policy, practice or procedure that provided the moving force or cause of any alleged violation of Plaintiff's constitutional rights.

7. As a further and separate Defense, to the extent that the Plaintiff's complaint can be read as making allegations against this Defendant in his official capacity, the Defendant hereby moves to strike Plaintiff's demand for punitive damages pursuant to Newport, et al., v. Fact Concerts, Inc. et al., 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981) and Florida Statute §768.28(5).

8. As a further and separate Defense, the Defendant would assert that he is entitled to a set off for any collateral sources of compensation for Plaintiff's alleged injuries and/or damages.

9. As a further and separate Defense, the Defendant would assert that the Plaintiff has failed to adequately exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995 (PLRA).

## DEMAND FOR TRIAL BY JURY

The Defendant, J. LINDOR, hereby demands trial by jury on all issues so triable.

　　*s/ Summer M. Barranco*
SUMMER M. BARRANCO, ESQUIRE
Fla. Bar No. 984663
PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.
2455 E. Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida  33304
Telephone:    (954) 462-3200
Facsimile:     (954) 462-3861
E-mail: summer@purdylaw.com
　　　　melissa@purdylaw.com
Attorney for *Defendant* Lindor

**Certificate of Service**

  **I HEREBY CERTIFY** that a copy of the foregoing has been furnished by U.S. Mail to **LEE MITCHELL JOHNSON**, Pro Se Plaintiff, Inmate No. 0384240, c/o Palm Beach County Jail, Inmate Mail/Parcels, P.O. Box 24716, West Palm Beach, Florida 33416 and that I have electronically filed a copy of the forgoing with the Clerk of the Court by using the CM/ECF system this 13th day of November, 2020.

    *s/ Summer M. Barranco*
    SUMMER M. BARRANCO, ESQUIRE
    Fla. Bar No. 984663
    PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.
    2455 E. Sunrise Boulevard, Suite 1216
    Fort Lauderdale, Florida  33304
    Telephone: (954) 462-3200
    Facsimile: (954) 462-3861
    E-mail: summer@purdylaw.com
       melissa@purdylaw.com
    Attorney for *Defendant* Lindor